COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:        In the Interest of B.T.M. and T.L.S.M, Children

Appellate case number:    01-15-00785-CV

Trial court case number:   2004-37975

Trial court:                        310th District Court of Harris County

On September 9, 2015, appellant, Dawn Moore, proceeding *pro se*, filed a premature notice of appeal in the trial court for the judgment or order to be signed on September 11, 2015. On September 14, 2015, the trial clerk assigned this appeal to this Court, and the trial court's order, signed on September 11, 2015, indicates that a nonjury trial was held on September 1, 2015, before Associate Judge Conrad L. Moren. Thus, appellant's notice of appeal is deemed filed on September 11, 2015, the date the order in the suit to modify the parent-child relationship was signed. *See* TEX. R. APP. P. 27.1(a).

In the trial court's order, Associate Judge Moren, among other things, appointed appellant as joint managing conservator of her two children, B.T.M. and T.L.S.M., with Debra A. Shifflett and George Shifflett, but also ordered that the Shifflets have the exclusive right to designate the primary residence of the children. On September 11, 2015, appellant filed a letter-motion, dated September 10, 2015, requesting an emergency hearing to have her fourteen year-old son, T.L.S.M., speak with a judge, which she claims is required by Section 153.009 of the Texas Family Code before the court designates the primary residence of the child.[1] Included in appellant's motion is a Stipulated Waiver of Appeal from Associate Judge's Ruling/Recommendation, signed by

---

[1]     Although the *pro se* appellant filed this letter-motion directly with the Clerk of this Court on September 11, 2015, it was filed before her appeal was assigned to this Court and was not included in the Letter of Assignment from the trial clerk. Thus, appellant's motion was not posted by the Clerk of this Court to her appeal until October 8, 2015.

appellant and filed in the trial court on September 1, 2015, indicating that all parties waived any objections to the trial on the merits to be held on September 1, 2015, before the Associate Judge, pursuant to Texas Family Code, Section 201.005.

Pursuant to Section 153.009(a), "[i]n a nonjury trial or at a hearing, on the application of a party, . . . the court shall interview in chambers a child 12 years of age or older . . . to determine the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence." TEX. FAM. CODE ANN. § 153.009(a) (West Supp. 2014) (emphasis added). Although Section 153.009 is mandatory, the application to have the court interview a child 12 years of age or older to determine the child's wishes as to conservatorship or primary residence must be made *before* a nonjury trial or hearing is held. Here, the nonjury trial regarding conservatorship or to determine the child's primary residence was held on September 1, 2015, ten days before appellant's motion was filed in this Court on September 11, 2015.

Accordingly, the Court **DISMISSES AS MOOT** appellant's motion for an emergency hearing to have the trial court speak with her son. Appellant's appeal remains pending in this Court.

It is so ORDERED.


Judge's signature:     /s/ Laura Carter Higley
                       ☒ Acting individually     ☐ Acting for the Court

Date:  October 13, 2015